# N. Y. SUPERIOR COURT.

## Ann C. Kamp agt. Henrich Kamp.

The power of the court to award alimony is not restricted to the time of rendering
the decree of divorce, it may be allowed afterwards by supplemental order,
judgment or decree, although the decree of divorce contained no provision for
alimony.

When a motion for alimony has been made and denied, and it does not appear on
what grounds, such denial will not embarrass a subsequent motion, or be deemed
"*res adjudicata,*" when sufficient grounds are shown to exist for granting the
motion.

Where a receipt was given under seal 'expressed to be "in full for all my claims for
alimony," no permanent allowance having in fact been granted, the seal is not
conclusive and the receipt is open to let in evidence of the intent and meaning of
the parties at the time it was made.

*Special Term,* 1872.

APPLICATION for alimony.

This action was instituted by the wife against the husband
for a divorce, on the ground of the husband's adultery.

A judgment dissolving the marriage was entered on the
3rd day of August, 1852, but did not contain any provision
for alimony.

The further proceedings in the action and upon the judg-
ment will appear in the following findings of the referee to
whom upon this motion, it was referred to take proofs.

His findings are as follows:

That on the third day of August, 1852, a decree was duly
entered in this action whereby the marriage between the
plaintiff and defendant, was dissolved, on the ground of
adultery on the part of the defendant.

That upon the face of such decree no provision was made
allowing alimony to the plaintiff in any amount.

That on the same day that the decree was made the plaintiff received of the defendant the sum of three hundred dollars in money and gave her receipt therefor in the following words and figures to wit:

"New York, August 3rd, 1852.

"Received from Henrich Kamp, the sum of three hundred dollars in full, for all my claims against him for alimony and costs of suit of divorce."

That the three hundred dollars was paid to the plaintiff with the full knowledge and consent of her next friend and attorney and that the whole amount was appropriated to her own use, and that there is nothing in the case to show fraud, or misunderstanding as to the object, purpose, or effect of the payment which occurred at that time.

That at the date of the decree the defendant had no property nor any certain fixed income.

That he is now worth the sum of fifteen thousand dollars, all of which has been accumulated since the dissolution of the marriage but at what particular period, or in what ratio since that time does not appear.

That the plaintiff has no property at this time of any considerable amount.

That after the decree was entered in this cause, a motion was made to open the same, so as to provide alimony for the plaintiff which motion was denied.

That such refusal was on or about December 22, 1854, and that the plaintiff has received no other or further allowance than the three hundred dollars before mentioned.

From the testimony taken and the findings of facts, thereupon, the referee was of opinion that the plaintiff could not be allowed alimony.

He had much doubt whether the court could make any supplemental order, no provision having been made in the judgment for present or future alimony or permission given to apply under it, but he founded his opinion, mainly upon

the effect to be given to the receipt given by the plaintiff, on the day the judgment was entered, which the referee regarded as a satisfaction of all claim for future alimony.

The present motion is upon exceptions to the referee's report.

HATCH, VAN ALLEN & SMITH, JR., *for plaintiffs.*

I. An application for permanent alimony may be made either at the time of rendering a decree of divorce, or if the decree contains no provision for alimony, at any time afterwards during the lifetime of the parties (*Sec.* 58, 236, 3 *R. S.; Bish. on M. & Div. and cases cited; Shotwell* agt. *Shotwell,* 1 *Sm. & M., Miss.,* 51; *McKanaher* agt. *McKanaher,* 3 *Yates, Pa.,* 56; *Bowman* agt. *Worthington,* 6 *Am. Law Reg., N. S.,* 621).

(*a.*) Upon rendering the decree of divorce, the right of the plaintiff to alimony became absolute (*Forrest* agt. *Forrest,* 3 *Bosw.* 667, *afd.* 25 *N. Y.,* 501), and passed as incident to the decree (*Ib.*).

(*b.*) The word *may* in the sentence "the court may make a further decree or order" is to be construed as meaning *must,* or the imperative *shall* (*See act of* 1813, *vol.* 2, *sec.* 5 199; *Sec.* 58, *ib.; Darby* agt. *Condit,* 1 *Duer,* 600; *Cooke* agt. *Nat'l. Bank,* 3 *Abb. N. S.,* 339).

II. Alimony is "an allowance which a husband *by order of the court* pays to his wife for her maintenance" (*Bish. on M. & D.* 549). The court never granted to the plaintiff any allowance; the defendant could not acquire that which had no existence, nor the plaintiff release what she did not possess; the receipt in evidence is a mere release of the alimony and costs due at the time the receipt was given (1 *Edwards,* 34).

The sanction of the court being essential to a grant of alimony, any secret arrangement entered into by the parties,

made without such sanction is invalid, and the court may break through the invalid agreement at any time (*Kirby* agt. *Kirby*, 1 *Paige*, 568; *Cooledge* agt. *Cooledge*, 1 *Barb. Ch.*, 77; *Rogers* agt. *Rogers*, 4 *Paige*, 516; 5 *Paige*, 509).

III. The motion made in 1854 to "*open the decree of divorce*," "*in order to provide alimony*," was properly denied. The divorce was final and conclusive and as shown above (*Pt.* 1), the statute provided amply for allowance of alimony, without disturbing the decree. The denial of that motion is no bar to the present application (*Butts* agt. *Burnett*, 6 *Abb., N. S.*, 302).

IV. The poverty of the plaintiff for the past twenty years is established, and her inability to pay the expense presents a good reason or excuse for the delay in applying to the court. Mere delay in claiming her rights, is no reason why they should be refused (3 *Bosw.*, 667).

FLORENCE·LEARY, *for defendant.*

MONELL, *J.*—The power of the court to award alimony, is not restricted to the times of granting the judgment of divorce, but the allowance may be made afterwards by supplemental order or judgment; such I think is the construction to be put upon the words of the statute, that if a decree dissolving the marriage be pronounced, the court may make a further decree or order against the defendant to provide such suitable allowance to the complainant for her support as to the court may seem just. " It is usual to make provision for alimony in the judgment of divorce ; but if circumstances exist at the time the judgment is pronounced, rendering it inexpedient to make the allowance at that time, and the situation of the parties afterwards are changed, it would be proper for the court to grant the appropriate relief by a supplemental decree.

It does not appear upon what ground the motion to open

decree, so as to provide for alimony made in December, 1854, was denied.

And unless the disposition of that motion is to be considered as *res judicata* it cannot embarrass this application. I cannot give to it the effect of *res judicata*. It may have been, and I have the right to presume that it was, decided upon facts before the court, which were deemed insufficient to allow of alimony being made at the time, and not for the want of power in the court to award it after judgment.

The principal objection to this application, however, arises upon the effect which is to be given to the receipt signed by the plaintiff on the day the judgment of divorce was entered, and which is as follows:

"New York, August 3d, 1852.

"Received from Henrich Kamp, the sum of three hundred dollars in full, for all my claims against him for alimony and costs of suit of divorce.

"ANN CATHARINE KAMP." [L. S.]

This receipt is held by the referee to operate as a satisfaction of all alimony, and, therefore, as a bar to this motion.

I cannot give to it such effect.

The seal affixed to it is of no consequence, under the statute (2 *R. S.*, 406, § 77) it is open to let in all such proof as would be proper, if it was not sealed (*Stearns* agt. *Tappin*, 5 *Duer*, 294).

And if necessary, therefore, to resort to extrinsic evidence, the testimony taken by the referee, establishes, I think, that the sum paid was received by the plaintiff as payment of alimony to that time, and was not intended to bar a future claim.

But even if it should have given to it, the effect of a release under seal, and hence operate as a discharge of the claim for alimony, it cannot reach forward so as to defeat a future application when the changed circumstances and condition of the parties appeal to the court for relief.

After the payment and receipt of the three hundred dollars, it is probable that the plaintiff was debarred from demanding any other or further sum for previous alimony, and so far it was a release and discharge of the defendant.

But there is nothing in the receipt, which in terms or by necessary inference or implication, releases the defendant from future alimony, if the court, in the exercise of its powers, shall deem it proper to make a further judgment or order for its payment.

If the receipt is to be interpreted in the light of the evidence it cannot have given to it any greater effect, than to discharge the claim for alimony down to the time of entering judgment.

Having determined that the court has power to make a supplemental order for the payment of alimony, and that neither the former decision nor the receipt should bar the application, the only remaining consideration is addressed to the discretion of the court.

About twenty years have passed since the marriage contract of these parties was dissolved, during all which time the plaintiff has maintained herself by her own efforts. For that long period of time the defendant has contributed nothing towards her support, so long as her health was sound, she seems to have been willing and has been able to sustain herself, and has thus relieved the defendant of a burden, which the court might have made him bear during all the intervening time.

It appears that the plaintiff has now reached the age of upwards of sixty-three years, and is in feeble health, unable by reason of her advanced age and bodily infirmities, to labor for her own support.

These facts furnish a sufficient ground for granting her such an amount of alimony, as in view of the pecuniary ability of the defendant, shall be proper.

As the papers before me do not furnish the requisite proof

and the referee not deeming it necessary to take any, it must be sent to a referee to take proof on this subject.

The plaintiff may have an order to that effect, containing the same provision for payment of fees, &c., by defendant, as was inserted in the previous order of reference.

Upon a reference to Hon. JAMES C. SPENCER, the sum of $1,000 was awarded to the plaintiff as a yearly allowance, commencing from the date of his report, which was afterwards confirmed by the court.